IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Armando Ruiz Chavez and Leonor Rodriguez, | |
| Plaintiffs, | Case No. _____ |
| v. | |
| and | PLAINTIFF DEMANDS TRIAL BY JURY |
| Ralph Hemesath d/b/a La Hacienda Inn | |
| Defendants. | |

## COMPLAINT

Plaintiffs, Armando Ruiz Chavez ("Plaintiff" or Ruiz") and Leonor Rodriguez ("Plaintiff" or "Rodriguez''), may collectively be referred to as Plaintiffs, by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Ralph Hemesath d/b/a La Hacienda Inn ("Defendant"). In support of this Complaint, Plaintiffs state:

## Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

## Parties

2. Plaintiffs are residents of Dickeyville, Illinois; and they were employed by Defendant.

3. Defendant is a business that is located, headquartered, and conducts business in Savanna, Illinois.

4. Ralph Hemesath is the owner and Manager of La Hacienda Inn and they are in charge of its employees. On information and belief, Ralph Hemesath is a resident of Savanna, Illinois.

5. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Savanna, Illinois.

## Facts Common To All Claims

8. Defendant is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9. Defendant is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Defendant; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT 1: VIOLATION OF THE FLSA-Armando Ruiz Chavez v. Defendant

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Defendant in or before May 15, 2022 until July 22, 2022.

12. At all times, Plaintiff held the same position at Defendant, they were a laborer. Plaintiff was an "employee" of Defendant as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general labor, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 56 hours per week.

14. Plaintiff was paid their wages on a(n) weekly basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

16. Plaintiff's rate of pay was $3.62 per hour.

17. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Defendants did not pay Plaintiff for the total amount of hours worked during his weeks of employment.

21. Plaintiff is entitled to recover unpaid and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $6,128.08 in unpaid and overtime wages; (ii) liquidated damages of $6,128.08; and (iii)

Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE,** Plaintiff Armando Ruiz Chavez respectfully requests that the Court enter a judgment in their favor and against Defendant for:

A. The amount of unpaid and overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $6,128.08;

B. An award liquidated damages in an amount equal to at least $6,128.08;

C. A declaration that Defendant violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT 2: VIOLATION OF IMWL - Armando Ruiz Chavez v. Defendant

22. Plaintiff incorporates by reference Paragraphs 1-21, as if set forth in full herein for this Paragraph 22.

23. This count arises from Defendant's violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

24. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

25. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments totaling $, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

26. The amount of unpaid overtime wages owed to Plaintiff is $6,128.08.

**WHEREFORE**, Plaintiff Armando Ruiz Chavez respectfully requests that the Court enter a judgment in their favor and against Defendant for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $6,128.08;

B. Award Statutory damages for Plaintiff, including treble damages, totaling $18,654.24 and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendant have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this honorable court deems just and proper.

## **COUNT 3: VIOLATION OF FLSA- Leonor Rodriguez v. Defendant**

27. Plaintiff Rodriguez reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 27.

28. Rodriguez began working at Defendant in or before May 15, 2022, until July 22, 2022.

28. At all times, Rodriguez held the same position at Defendant, she was a cleaner/general worker. Plaintiff was an "employee" of Defendant as that term is used in Section 203 of the FLSA because he was employed by Defendant to perform general cleaning duties and general labor, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

30. Although schedules are subject to change, Plaintiff's general schedule with Defendant required Plaintiff to work on average 56 hours per week.

31. Plaintiff was never paid their wages.

32. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

33. Throughout the course of Plaintiff's employment with Defendant, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

34. Defendant did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

35. On information and belief, Defendant have failed to keep proper time records tracking Plaintiff's time worked; and Defendant's failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

36. Defendant did not pay Plaintiff for the hours worked during her employment.

37. Plaintiff is entitled to recover unpaid and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $8,448.00 in unpaid and overtime wages; (ii) liquidated damages of $8,448.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

**WHEREFORE,** Plaintiff Leonor Rodriguez respectfully requests that the Court enter a judgment in their favor and against Defendant for:

A. The amount of unpaid and overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $8,448.00;

B. An award liquidated damages in an amount equal to at least $8,448.00;

C. A declaration that Defendant violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT 4: VIOLATION OF IMWL- Leonor Rodriguez v. Defendant**

38. Plaintiff Rodriguez incorporates by reference Paragraphs 27-37, as if set forth in full herein for this Paragraph 38.

40. This count arises from Defendant's violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

41. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

42. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments totaling $25,344.00, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

43. The amount of unpaid and overtime wages owed to Plaintiff is $8,448.00.

**WHEREFORE**, Plaintiff Leonor Rodriguez respectfully requests that the Court enter a judgment in their favor and against Defendant for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $8,448.00;

B. Award Statutory damages for Plaintiff, including treble damages, totaling $25,344.00, 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendant have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this honorable court deems just and proper.

s/Daniel I. Schlade
Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
       danschlade@gmail.com

**PLAINTIFF DEMANDS TRIAL BY JURY**